## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, E. Austin Wozniak, being duly sworn, depose and state that:

## INTRODUCTION

1.       I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives (ATF) and have been so employed since September 1, 2013. I am currently assigned to the Boston Field Office.

2.       I am a graduate of the Federal Law Enforcement Training Center, where I completed ATF Special Agent Basic Training and the Criminal Investigator Training Program. Prior to my employment with ATF, I was a police officer with the Dallas Police Department in Dallas, Texas for three years. I am a graduate of Marquette University where I received a Bachelor of Science in Accounting in 2010. I have received training in the recognition, identification, and testing of controlled substances as well as in common methods of trafficking in narcotics. I have participated in surveillance and interdiction operations at known drug locations and have made numerous arrests for drug related crimes. I have further received training in firearms trafficking and the diversion of legal firearms for unlawful purposes, participated in the investigation of many crimes of violence, including robberies, assaults, and homicides, and made numerous arrests for firearms and violent offenses.

3.       I was assigned to the Seattle, Washington, Field Office of ATF for approximately five years, where I worked with agents and other law enforcement agencies to target violent crime. I participated in or directed complex criminal investigations, utilized the National Integrated Ballistic Information Network (NIBIN) to identify violent offenders for prosecution, and helped

create a task force of officers to investigate a series of highway shootings believed to be linked through ballistics evidence. In June 2019, I transitioned to the Albuquerque Field Office in Albuquerque, New Mexico, where I continued to conduct investigations related to firearms, narcotics, and violent crime. In March of 2021, I joined the Boston Field Division, where I am currently assigned.

## PURPOSE OF AFFIDAVIT

4. This affidavit is being submitted in support of an application for a criminal complaint charging Herbert SMALL, a/k/a "HB," with the following offenses against the United States: Felon in Possession of a Firearm – in violation of Title 18, United States Code, Section 922(g)(1), and Distribution of a Controlled Substance – in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

5. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. In 2023, ATF began an investigation into Herbert SMALL.[1] As part of the investigation, ATF conducted a series of controlled purchases of firearms and narcotics from

---

[1] SMALL has the following felony convictions: On August 10, 2017, SMALL pled guilty to Conspiracy to Participate in a Racketeering Enterprise (18 U.S.C. § 1962(d)) in the United States District Court for the District of Massachusetts; On October 29, 2015, SMALL pled guilty to Possession with intent to Distribute a Class B Controlled Substance in the Boston Municipal Court, South Boston Division. SMALL is also presently under indictment in Suffolk Superior Court (Massachusetts) for several felony offenses related to the Unlawful Possession and Carrying of a Firearm.

SMALL using a cooperating witness ("CW").[2] All of the phone calls between SMALL and the CW were recorded. All the controlled purchases were audio and video recorded. The controlled purchases in this case all followed the same basic pattern: ATF searched the CW and any vehicle the CW was driving before and after the controlled purchase for unauthorized contraband, and provided the CW ATF funds for the purchase and audio and video recording equipment. Officers surveilled the CW to and from the deal to the extent possible, and ATF agents surveilled the transaction itself when feasible. The recordings were subsequently reviewed for other undetected or unreported anomalies to ensure the integrity of the transaction to the extent possible.

7. After the CW met SMALL in or around June 2023, the CW provided agents with a photograph of SMALL from SMALL's social media account. Agents identified SMALL by comparing SMALL's photographs from his social media account to his driver's license image. Agents further identified SMALL through observing him during the controlled purchases of firearms and drugs discussed below.

August 17, 2023: SMALL sold two firearms and 25 grams of suspected cocaine to the CW

8. On August 16, 2023, the CW communicated with SMALL on phone number (781) 352-3506 and arranged to purchase one ounce of cocaine and a firearm; the deal was arranged for the following day. On August 17, 2023, SMALL directed the CW to a residence at 62 Lyndhurst Street in Dorchester for the deal. The CW entered the residence at the meeting location and observed SMALL inside. SMALL retrieved the firearm and cocaine to provide to the CW. While

---

[2] The CW is cooperating for both financial compensation and consideration in a pending drug distribution offense. The CW has cooperated since his/her arrest in 2020, conducted more than 100 controlled purchases of evidence on behalf of ATF. The CW has an extensive criminal history including convictions for robbery and drug distribution. Based on this investigation and the corroboration from the recorded controlled buys, I believe that information received from the CW is reliable.

doing so, the CW observed that SMALL had a second firearm with him. The CW reduced the amount of cocaine CW purchased from SMALL in order to afford to purchase the second firearm from SMALL.  SMALL provided the CW with approximately 25 grams of suspected cocaine; an Iver-Johnson Supershot Sealed 8 .22 caliber revolver, serial number 10398; and a Beretta .40 caliber pistol, serial number TY02920, with a magazine containing eleven .40 caliber rounds of ammunition in exchange for $1,900 in ATF funds.  Following the deal, the CW met with agents and provided agents with the suspected cocaine and firearms purchased from SMALL. Investigators weighed the suspected cocaine and determined it had a weight of approximately 25 grams, including the packaging.  An investigator field-tested the drugs, which field-tested positive for cocaine.  The cocaine will be transported to the DEA Northeast Regional Laboratory for confirmatory analysis.

9. On October 19, 2023, an ATF interstate nexus expert conducted a preliminary evaluation of the firearms purchased from SMALL on August 17, 2023.  The expert was not able to provide a preliminary opinion of the Iver-Johnson revolver.  The expert was able to provide a preliminary opinion regarding the Beretta .40 caliber pistol, bearing serial number TY02920.  The expert stated that Beretta pistols are not manufactured in the Commonwealth of Massachusetts, and therefore must have traveled in or affected interstate commerce.

<u>October 16: 2023: SMALL sold 70 grams of suspected cocaine base to the CW</u>

10. On October 15, 2023, the CW communicated with SMALL on phone number (781) 352-3506 to arrange the purchase of cocaine base.  SMALL agreed to sell the CW cocaine base the following day.  On October 16, 2023, ATF agents conducted a controlled purchase of cocaine base from SMALL using the CW.  SMALL directed the CW to a meeting location in Dorchester and asked the CW to park on the roadside.  SMALL arrived in the area and exited a white Toyota

Rav-4 and entered the CW's vehicle. Inside the vehicle, SMALL exchanged a bag of suspected cocaine base for $2,150 in ATF funds from the CW. Following the deal, the CW met with agents and provided agents with the suspected cocaine base purchased from SMALL. Investigators weighed the suspected cocaine base and determined it had a weight of approximately 70 grams, including the packaging. An investigator field-tested the drugs, which field-tested positive for cocaine base. The cocaine base will be transported to the DEA Northeast Regional Laboratory for confirmatory analysis.

## CONCLUSION

11. Based upon the foregoing, I submit there is probable cause to believe Herbert SMALL has committed the offenses of being a a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and distribution of cocaine and cocaine base, Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

*E. Austin Wozniak*
E. Austin Wozniak
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

ATTESTED and SWORN to before me telephonically in accordance with the requirements of Fed. R. Crim. P. 4.1 on October 24, 2023.

Hon. Jennifer C. Boal
United States Magistrate Judge